IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM F. MOSS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-107-NJR |
| | ) |
| GABE SCHIMP, RYAN WARD, CURT HUSTEDDE, MIKE CLEEK, MICHAEL BLAINE, and MARY VAUGHN, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff William F. Moss, an inmate of the Federal Bureau of Prisons ("BOP") who is currently incarcerated at Ashland Federal Correctional Institution ("FCI – Ashland"), brings this action pursuant to 42 U.S.C. § 1983[1] for deprivations of his constitutional rights during an encounter with police officers while in Harrisburg, Illinois. In the Complaint, Plaintiff alleges officers used excessive force against him. He asserts claims against the defendants under the Fourth Amendment. Plaintiff seeks monetary damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money

---

[1] Although Plaintiff marked on his Complaint form that he was proceeding under 28 U.S.C. § 1331, he seeks damages for constitutional torts by state officials which falls under Section 1983. His claims of constitutional violations by persons acting under color of state law are therefore governed by 42 U.S.C. § 1983 rather than 28 U.S.C. § 1331. *Belbachir v. County of McHenry*, 726 F.3d 975, 978 (7th Cir. 2013).

1

damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint: On January 31, 2018 in Harrisburg, Illinois, Plaintiff was attacked by Gabe Schimp and Ryan Ward (both Eldorado Police Officers), Curt Hustedde (a Harrisburg Police Officer), and Mike Cleek (an Illinois State Trooper) (Doc. 1, p. 6). They attacked Plaintiff's knees causing him to suffer a patella tendon rupture in his right knee and quadricep tendon rupture in his left knee (*Id.*). As a result of the injury, he had surgery on both knees.

That same day, Plaintiff was seen by Dr. Michael Blaine at the Harrisburg Medical Center for the injuries to his knees (Doc. 1, p. 6). Dr. Blaine refused to order an MRI of his left knee even though Plaintiff could not put weight on it. He was released from the hospital with crutches when he should have been transported to the Orthopedic Institute by ambulance because of his inability to put weight on his knees (*Id.*). Plaintiff transported himself to the Orthopedic Institute of Southern Illinois in Herrin, Illinois, later that morning. He fell in front of the check-in desk and Mary Vaughn, the director of the orthopedic institute, refused to provide him with treatment, instead yelling at him to get up and walk to the check-in or leave the facility. When he informed her that he could not walk, she called an ambulance and transported him to the Heartland Regional Medical Center (*Id.*). He later returned to the Orthopedic Institute and had surgery on his knees.

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following two counts:

> **Count 1:** Gabe Schimp, Ryan Ward, Curt Hustedde, and Mike Cleek subjected Plaintiff to unreasonable use of force in violation of the Fourth Amendment.
>
> **Count 2:** State Law medical malpractice claim against Michael Blaine and Mary Vaughn.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

## Count 1

At this stage, the Court finds that Plaintiff states a claim for use of force against Gabe Schimp, Ryan Ward, Curt Hustedde, and Mike Cleek. Although not exactly clear whether the alleged attack was during the course of an arrest or official stop, given that *pro se* complaints are to be construed liberally, the Court will allow the claim to proceed as an excessive force claim against the officers. *See Lawrence v. Kenosha Cnty.*, 391 F.3d 837, 843 (7th Cir. 2004) (excessive force in an arrest, stop, or seizure is analyzed under the Fourth Amendment's reasonableness standard); *Dockery v. Blackburn*, 911 F.3d 458, 464 (7th Cir. 2018) (citing *Graham v. Connor*, 490 U.S. 386, 396-97 (1989)).

## Count 2

Plaintiff titles his claim against the doctors as a medical malpractice claim (Doc. 1, p. 6). To the extent that Plaintiff seeks to bring a claim under Section 1983 for medical treatment that he was provided by Dr. Blaine and Vaughn, Plaintiff fails to state a claim because he fails to allege that these two individuals, a doctor at Harrisburg Medical Center, and the director of the

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Orthopedic Institute of Southern Illinois, are state actors. In fact, he acknowledges that they are not state actors (Doc. 1, p. 2). A plaintiff cannot proceed with a federal claim under Section 1983 against a non-state actor. *Gayman v. Principal Fin. Servs., Inc.,* 311 F.3d 851, 852–53 (7th Cir.2002). Thus, any potential Section 1983 claim against these individuals is **DISMISSED without prejudice**.

To the extent he attempts to bring a medical practice claim against Dr. Blaine and Vaughn, that claim falls under Illinois state law. When a district court has original jurisdiction over one claim, it may exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United State Constitution." 28 U.S.C. § 1367(a). Such claims are sufficiently related if they "derive from a common nucleus of operative facts." *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995) (citations omitted). In other words, there must be "[a] loose factual connection between the claims." *Sanchez & Daniels v. Koresko*, 503 F.3d 610, 614 (7th Cir. 2007). The medical malpractice claim against the doctor and director is unrelated to the remaining use of force claim against the officers because it involves different defendants and facts. The excessive force claim focuses on the actions of the officers in confronting Plaintiff, while the medical malpractice claim focuses on medical care he received. Thus, the Court declines to exercise supplemental jurisdiction as to this claim. Count 2 is **DISMISSED without prejudice**.

## Disposition

For the reasons stated above, Count 1 shall proceed against Gabe Schimp, Ryan Ward, Curt Hustedde, and Mike Cleek. Count 2 is **DISMISSED without prejudice** as to Michael Blaine and Mary Vaughn, and the Clerk is **DIRECTED** to **TERMINATE** these individuals from the docket.

The Clerk of Court shall prepare for Defendants Gabe Schimp, Ryan Ward, Curt Hustedde, and Mike Cleek: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 4/2/2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### **Notice to Plaintiff**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**