**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **WILLIAM F. MOSS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 3:20-CV-107-MAB[1]** |
| | ) | |
| **GABE SCHIMP, RYAN WARD,** | ) | |
| **CURT HUSTEDDE, and MIKE CLEEK,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |
| | ) | |
| **RYAN WARD,** | ) | |
| **Counter-Claimant,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **WILLIAM F. MOSS,** | ) | |
| **Counter-Defendant.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**BEATTY, Magistrate Judge:**

This matter is before the Court for case management purposes. For the reasons explained below, the Court declines to exercise supplemental jurisdiction over Defendant Ryan Ward's state-law battery claim.

Plaintiff William Moss filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging police officers used excessive force on January 31, 2018, when they prevented him from running into a house that was on fire (Doc. 1; Doc. 66). Defendant Ryan Ward filed a

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c) (*see* Doc. 34).

counterclaim against Plaintiff for battery, alleging Plaintiff struck him on the elbow during the incident (Doc. 23, pp. 4–6). Plaintiff's constitutional claim was the basis for federal subject matter jurisdiction, and the Court had supplemental jurisdiction over Defendant Ward's counterclaim pursuant to 28 U.S.C. § 1367(a).

Defendants' motions for summary judgment on Plaintiff's excessive force claim were granted and Plaintiff's constitutional claim was dismissed with prejudice (Doc. 66). Defendant Ryan Ward indicated that he wants to continue pursuing his state-law battery counterclaim (Doc. 82), and so now the Court must determine whether it will continue to exercise supplemental jurisdiction over that claim (*see* Doc. 81).

"[W]hen the court dismisses the federal claim on the merits, it has the discretion under [28 U.S.C.] § 1367(c)(3) to decline to hear related state-law claims . . . ." *Rivera v. Allstate Ins. Co.*, 913 F.3d 603, 618 (7th Cir. 2018); 28 U.S.C. § 1367(c)(3). Normally, the federal court is expected to dismiss the pendent state-law claims. *Rivera*, 913 F.3d at 618 ("[T]here is a general presumption that the court will relinquish supplemental jurisdiction and dismiss the state-law claims without prejudice." (citing *RWJ Mgmt. Co. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 479–80 (7th Cir. 2012))); *Sharp Elecs. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 514 (7th Cir. 2009) ("Normally, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits.") (citation and internal quotation marks omitted). Exceptions to this general rule exist "when (1) the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court; (2) substantial judicial resources have already been committed, so that sending the case to

another court will cause a substantial duplication of effort; or (3) when it is absolutely clear how the pendent claims can be decided." *Sharp Elecs.,* 578 F.3d at 514–15 (citation and internal quotation marks omitted).

In this instance, none of the exceptions to the general rule apply. The events underlying the battery claim occurred in January 2018 and therefore the statute of limitations on Defendant Ward's counterclaim has run. *See Hollander v. Brown,* 457 F.3d 688, 692 (7th Cir. 2006) (applying two-year statute of limitation for personal injury actions set forth in 735 ILL. COMP. STAT. 5/13–202 to battery claim). However, both federal and Illinois statutes authorize tolling in these circumstances. 28 U.S.C. § 1367(d) (tolling the limitations period on state law claim over which federal court has exercised supplemental jurisdiction while claim is pending in federal court and for 30 days after it is dismissed, unless state law provides for a longer tolling period.); 735 ILL. COMP. STAT. 5/13–217 (giving plaintiffs one year or the remaining period of limitation, whichever is greater, to refile a state law claim that was dismissed by a federal court for lack of jurisdiction).

Additionally, the Court disposed of Plaintiff's federal claims on summary judgment, and therefore "substantial judicial resources" have not been expended on the case. *Davis v. Cook Cnty.*, 534 F.3d 650, 654 (7th Cir. 2008). In fact, all of the Court's efforts in this case were directed at Plaintiff's federal constitutional claim and little, if any, effort was put into addressing the merits of Defendant Ward's state-law battery claim. Finally, the Court is not prepared to say that the proper resolution of the state-law battery claim is "absolutely clear."

For these reasons, relinquishment of supplemental jurisdiction is proper here and

Defendant Ryan Ward's counterclaim is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1367(c)(3).

      **IT IS SO ORDERED.**

      **DATED: July 18, 2022**

<u>**s/ Mark A. Beatty**</u>
**MARK A. BEATTY**
**United States Magistrate Judge**